UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LEE-LEO HILL,

           Petitioner,

                                          CASE NO. 2:09-cv-11748
v.                                        HONORABLE VICTORIA A. ROBERTS

NICK LUDWICK,

           Respondent.
_____/

**OPINION AND ORDER
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, BUT
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Andrew Lee-Leo Hill filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pleading challenges Petitioner's conviction for larceny by conversion. Petitioner alleges that: (1) the trial court's response to the jurors' question about an element of the offense was tantamount to a directed verdict; (2) the trial court illegally obtained subject matter jurisdiction; and (3) his rights were violated by the absence of an enacting clause on the face of the statute that he was charged with violating. The second and third claims are not cognizable on habeas review, and the state court's adjudication of Petitioner's first claim was not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, the Petition is denied.

**I. BACKGROUND**

The Prosecutor initially charged Petitioner with unlawfully driving away an automobile. After the preliminary examination, the state district court bound Petitioner over to circuit court

on charges of false pretenses and larceny by conversion. The prosecutor then chose to proceed only on the larceny-by-conversion charge.

The charge arose from an incident that occurred on October 27, 2006, when Petitioner went to a car dealership in Wyoming, Michigan. He took a vehicle for a test drive and left the vehicle that he had been driving on the lot. Petitioner did not return the dealership vehicle, and the vehicle that he left on the lot was picked up later that night. A few days later, a police officer saw the vehicle that Petitioner took for the test drive; it moved very slowly through an alley. The officer, suspicious of the vehicle, checked the license plate on his computer and determined that it had been reported stolen. The officer apprehended Petitioner; he admitted he had took the vehicle from the dealership.

On March 28, 2007 a Kent County Circuit Court jury convicted Petitioner of larceny by conversion, MICH. COMP. LAWS § 750.362. Judge Mark A. Trusock sentenced him as a habitual offender, fourth offense, to prison for four to twenty years. Judge Trusock also ordered Petitioner to pay $600 in attorney fees.

Petitioner appealed as of right to the Michigan Court of Appeals, which affirmed his conviction, but vacated the portion of the judgment of sentence that ordered reimbursement of attorney fees and remanded the case for a determination of Petitioner's ability to pay restitution. *See People v. Hill*, No. 278239 (Mich. Ct. App. Oct. 16, 2008). The Michigan Supreme Court denied leave to appeal on February 24, 2009. *See People v. Hill*, 483 Mich. 895 (2009) (table).

On May 6, 2009, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. The issues are:

> I.  Was the trial judge's answer to the jury's question regarding the definition of "permanently deprive," equivalent to a directed

      verdict, such that Petitioner's right to a fair trial was violated?

  II.      Did the state court illegally obtain subject matter jurisdiction as a result of a complaint that did not comply with state law requirements?

  III.     Were Petitioner's rights violated by the absence of an enacting clause on the face of the statute, as required by the Michigan Constitution?

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a federal court's habeas corpus review of a state court decision. *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 783 (2011). The AEDPA amended 28 U.S.C. § 2254(d), which now provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of , clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court held that a state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id.* at 413. The *Williams* Court held that a state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing

3

legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of a prisoner's case." *Id.*

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. at 786. To obtain a writ of habeas corpus from a federal court, a petitioner must show that the state court's decision "was so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

### III.  DISCUSSION

#### A.  The Supplemental Jury Instruction on Larceny by Conversion

Petitioner claims that the trial court's response to the jury's question regarding the intent element of the charged offense was tantamount to a directed verdict.

In its charge to the jury, the trial court explained that, the prosecutor had to prove that the defendant intended to defraud or cheat the owner out of property permanently. (Tr. Mar. 28, 2007, at 169.) Later, the jurors asked for clarification of the meaning of "permanently." The trial court gave a supplemental jury instruction in response to the jurors' question. Petitioner argues that the examples provided by the trial court in its supplemental instruction allowed the jury to presume that he intended to permanently deprive the dealership of the vehicle he took. Petitioner also argues that the trial court's instruction removed the prosecutor's burden to prove a necessary element of the charge.

The Michigan Court of Appeals rejected Petitioner's contention that the examples provided by the trial court deprived the jury of the ability to evaluate the evidence as the finder

of fact. The Court of Appeals stated that, "[a]lthough the court's examples were rather unartful, the instructions as a whole adequately and fairly presented the issues, and sufficiently protected the defendant's rights." *Hill*, Mich. Ct. App. No. 278239, at 2-3.

The Court agrees that the disputed instruction did not relieve the prosecutor of its burden to prove each element of the crime beyond a reasonable doubt. Therefore, the jury instruction did not violate Petitioner's right to due process under the Fourteenth Amendment to the United States Constitution.

### 1.  Clearly Established Federal Law

"[T]he Due Process Clause [of the Fourteenth Amendment] protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970). "To warrant habeas relief because of incorrect jury instructions, Petitioner must show that the instructions, as a whole, were so infirm that they rendered the entire trial fundamentally unfair." *Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000) (citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)). The Supreme Court defined "the category of infractions that violate 'fundamental fairness' very narrowly." *Dowling v. United States*, 493 U.S. 342, 352 (1990).

Before a federal court may overturn a state court conviction because of a jury instruction, "[i]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). "[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Id.* at 146-47.

A trial court may not give a jury instruction that shifts the burden of proving a critical fact in dispute to the defendant. *Mullaney v. Wilbur*, 421 U.S. 684, 701 (1975). A mandatory inference or presumption is problematic because it can affect "not only the strength of the 'no reasonable doubt' burden but also the placement of that burden; it tells the trier that he or they *must* find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts." *County Court of Ulster County, N.Y. v. Allen*, 442 U.S. 140, 157 (1979) (emphasis in original). Permissive inferences, as opposed to mandatory inferences, are not problematic, *Coe v. Bell*, 161 F.3d 320, 332 (6th Cir. 1998), and do not violate due process, because they allow – but do not require – "the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one" and they place "no burden of any kind on the defendant." *Ulster County v. New York*, 442 U.S. at 157.

### 2. Application

To prove a larceny by conversion under Mich. Comp. Laws § 750.362, the prosecutor must establish that the defendant intended to permanently defraud or cheat the owner of property. *People v. Scott*, 72 Mich. App. 16, 19 (1976). Whether Petitioner intended to permanently deprive the owner of the vehicle was the main issue at trial.

The jury sought clarification of the term "permanently" during its deliberations. To assist the jury with its understanding, the judge gave this instruction:

> In defining the word, "permanent" that's not a special term that has any huge legal connotations. You should use your own common sense, your own experience. You should look at the totality of the circumstances, put your – I would suggest you put yourself in both – both sides of the place. If someone takes a car without permission, if that's the situation, do you think that that person intends to give it back? On the other side, if you take a car without permission, is

> it generally your intent to give it back?  So just look at the totality of the circumstances, use your collective intelligence and determine whether or not you feel the word "permanent" applies based on the instruction that we've given you.

(Tr. Mar. 28, 2007, at 175).

Petitioner promptly objected to this instruction.  He argued that the jurors sought only a definition of the word "permanent" and that the court should have instructed the jury on the ordinary and general understanding of the word "permanent" without providing any examples. The trial court did not modify its supplemental instruction, but merely took note of Petitioner's objection to the instruction.  The jury returned a verdict of "guilty" about seventy-five minutes later.

This Court finds that the trial judge's supplemental instruction did not amount to a mandatory presumption and did not violate Petitioner's right to due process.  The supplemental instruction allowed the jurors to base their verdict on their own understanding of the term "permanent" and on their own view of the evidence presented at trial.  In fact, the trial court specifically charged the jurors to use their own common sense and experience.  The court did not inform the jurors that they had to presume an intent to permanently deprive the owner of property.

The trial court's language was permissive, not mandatory; it encouraged the jurors to evaluate the facts presented at trial, to use their collective intelligence, and to determine from the totality of the circumstances whether Petitioner meant to permanently deprive the owner of the vehicle.  In giving the jury two factual scenarios to consider, the judge assisted the jurors with their deliberations by providing clarification on how they should evaluate the intent element of the charged offense.  There was no mandatory inference.  Instead, the court suggested to the

jurors that they consider what they or someone else might intend if a vehicle was taken without permission.

Nor did the trial court direct a verdict or offer an opinion as to what the jurors' verdict should be.  In instructions, the trial court informed the jury that the court's instructions were not evidence and that the jury's duty was to decide the facts.  The trial court also explained that the prosecutor had the burden to prove each element of the offense, that the defendant was not required to do anything, and that the jurors should find Petitioner not guilty if they found that the prosecutor did not prove each element of the crime beyond a reasonable doubt.  (*Id.* at 163-64, and 168).  The supplemental jury instruction did not conflict with these principles.

In conclusion, the jury instructions, taken as a whole, did not remove the burden of proof from the prosecution, nor render the trial "fundamentally unfair."  Because there was no violation of due process under federal law, Petitioner has no right to relief.

### B. Requirements of the Complaint under State Law

Petitioner next challenges his conviction on the ground that the state court lacked subject matter jurisdiction because the complaint was invalid. Though his Memorandum of Law is somewhat unclear, the Court understands Petitioner to allege that the complaint filed by the prosecutor did not comply with either MICH. CT. R. 6.101(B) or MICH. COMP. LAWS § 764.1a(1) and, therefore, his conviction should be reversed.

Under Rule 6.101(B), a complaint "must be signed and sworn to before a judicial officer or court clerk," and under MICH. COMP. LAWS § 764.1a(1), a complaint must "be sworn to before a magistrate or clerk."  The contention that these provisions of law were violated lacks merit because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497

U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. at 68 (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)).

Although Petitioner alleges in a conclusory statement that his Fourteenth Amendment right to due process was violated, the real basis for his claim is that the state court lacked jurisdiction because the requirements of Michigan law were not met. Since this issue involves solely a matter of state law, and "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, __ U.S. __, __, 131 S. Ct. 13, 16 (2010), the Court cannot grant relief to Petitioner.

### C.  State Constitutional Requirements for Legislation

Finally, Petitioner challenges the validity of the state penal code sections under which he was charged. Specifically, Petitioner alleges that the sections are void because they lacked an enacting clause, as required by state law. *See* MICH. CONST. 1963, art. 4, § 23 ("The style of the laws shall be: The People of the State of Michigan Enact."); *see also People v. Dettenthaler*, 118 Mich. 595 (1898) (invalidating a state law that was passed without an enacting clause).

The Michigan Court of Appeals responded to Petitioner's allegation by asserting that the statutes in question did conform to the state's constitutional requirements. The Court of Appeals noted that the statutes were part of the Michigan Penal Code, MICH COMP. LAWS 750, *et seq.*, which contains an enacting clause at the beginning of the chapter. The Court of Appeals concluded that the charge filed against Petitioner's was valid, inasmuch as the enacting statute under which he was charged was valid.

9

"[W]hether the statutes of a legislature of a State have been duly enacted in accordance with the requirements of the constitution of such state, is not a federal question, and the decision of state courts as to what are the laws of the state is binding upon the courts of the United States." *Leeper v. Texas,* 139 U.S. 462, 467 (1891).  Stated differently, "[w]hether certain statutes have or have not binding force . . . is for the state to determine, and that determination in itself involves no infraction of the constitution of the United States, and raises no federal question giving the courts of the United States jurisdiction." *In re Duncan*, 139 U.S. 449, 462 (1891).

Because Petitioner does not point to any federal constitutional provision or federal court decision requiring states to adopt a specific form for legislation, his claim is not cognizable on habeas corpus review.

## IV.  CONCLUSION

The jury instruction did not unconstitutionally shift the burden of proof from the State to Petitioner, and Petitioner's other claims are issues of state law which are not cognizable on habeas review.  The state appellate court's decision was not: (1) contrary to federal law; (2) an unreasonable application of clearly established federal law; or (3) an unreasonable application of the facts.  The Petition for a Writ of Habeas Corpus is **DENIED**.

The Court declines to issue a certificate of appealability.  Reasonable jurists would not debate whether the issues should have been resolved differently or whether the claims deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Nevertheless, if Petitioner chooses to appeal this Court's decision, he may proceed *in forma pauperis* on appeal because he was permitted to proceed *in forma pauperis* in the District Court.

FED. R. APP. P. 24(a)(3).

                                                  S/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: November 3, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Andrew Lee-Leo Hill by electronic means or U.S. Mail on November 3, 2011.

S/Linda Vertriest
Deputy Clerk

---

11